

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHAN ROBERT DUNCAN, ) <br> Plaintiff, ) <br> ) | Civil Action No. 7:14-cv-00546 |
| v. ) <br> ) | **MEMORANDUM OPINION** |
| JACK LEE, et al., ) <br> Defendants. ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Jonathan Robert Duncan, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Jack Lee, the Superintendent of the Middle River Regional Jail ("Jail"); Steve Plaza, a Jail Captain; and Carl Vandeavener, a Jail Lieutenant. Plaintiff alleges that the defendants committed "criminal negligence." This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges that non-defendant deputies at the Jail attacked him when he was booked into the Jail and that Jail staff subsequently placed him in segregation without medical attention, pictures taken, or "any booking procedures." Plaintiff alleges the Captain Plaza and Lt. Vandeavener worked in the segregation pod during the week Plaintiff was in segregation. Plaintiff further alleges that "sexual officers had witnessed the fact I was beat up, tazed, and covered in blood. Clearly, the Sheriffs [sic] crossed the line. No one reported the incident and hid the facts that it happened."

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies

or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, Plaintiff does not describe any personal act or omission by any defendant. Consequently, Plaintiff fails to describe any defendant's unlawful conduct. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Furthermore, liability under § 1983 may not be predicated on the theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Moreover, negligence is not basis for relief via § 1983. See, e.g., Farmer, supra. Accordingly, I dismiss the Complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.[1]

ENTER: This 10th day of November, 2014.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

[1] I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).